**In re Hardin Busby CROUCH, Debtor.**

**Bankruptcy No. M–83–00644–7.**

United States Bankruptcy Court,
E.D. North Carolina.

Sept. 15, 1983.

David G. Sneeden, Wilmington, N.C., for Hardin Busby Crouch.

Carol A. Morrison, Fayetteville, N.C., for Jeanne Fogarty Crouch.

Algernon L. Butler, Jr., Wilmington, N.C., for trustee.

## MEMORANDUM OPINION AND ORDER

A. THOMAS SMALL, Bankruptcy Judge.

This matter is before the Court upon the Motion to Amend Exemption filed by the chapter 7 Debtor's estranged wife, Jeanne Fogarty Crouch, and the Debtor's separate Motion to Amend Claim of Exemptions. A hearing was held in Wilmington, North Carolina on September 7, 1983.

### FACTS

The Debtor, Hardin Busby Crouch was married to Jeanne Fogarty Crouch on December 23, 1973. The Debtor sued for divorce on December 17, 1981 in the General Court of Justice, District Court Division for Moore County, North Carolina; Mrs. Crouch counterclaimed seeking divorce and equitable distribution of property.

On September 23, 1982, Judge D.R. Huffman entered an order in the State Court proceeding awarding Mrs. Crouch alimony *pendente lite* in the amount of $1,250.00 per month and requiring the Debtor to maintain health, accident and life insurance for the benefit of Mrs. Crouch. The order also directed the Debtor to deposit $25,000.00 with the State Court failing which, various assets of the Debtor would be sold. The Debtor has not made any alimony payments to Mrs. Crouch under the order, has not maintained the required insurance, and has not made the $25,000.00 deposit.

Mrs. Crouch is virtually destitute and is being supported by loans from her father and son. She suffers from several physical disabilities including poor eyesight.

After finding the Debtor to be in contempt of the September 23, 1982 order for selling property and utilizing the proceeds for purposes other than making the required deposit with the Court, Judge Huffman, on February 14, 1983 issued a Civil Arrest Order for the arrest of the Debtor. The Debtor now resides outside the state of North Carolina and has been able to avoid service of the Civil Arrest Order.

The Debtor filed a voluntary chapter 7 petition on April 7, 1983 and on May 6, 1983 the Debtor filed an application to remove the State Court proceeding to this Court. By order dated September 1, 1983, this Court retained jurisdiction over all issues in the adversary proceeding regarding equitable distribution but remanded all other issues to the State Court.

The Debtor's Schedule of Property (B–1) reflects that the Debtor and Mrs. Crouch own the following property as tenants by the entirety:

1. House and lot located at 525 E. Massachusetts Avenue, Southern Pines, North Carolina;

2. Commercial property located on Highway # 1, Southern Pines, North Carolina;

3. 100-acre farm known as the "Mary Ina Crouch Farm", Aberdeen, North Carolina. Property is subject to the life estate of Mary Ina Crouch;

4. 2.9 acres of a larger 39.9 acre tract located in Hoke County, North Carolina.

Additionally, a vacant residential lot in Pinehurst, North Carolina, is owned by the Debtor and Mrs. Crouch as tenants by the entirety although not shown as entirety property in the Debtor's schedules.

Among the secured debts listed in the Debtor's Schedule A–2 are the joint debt of Mr. and Mrs. Crouch to the Farmers Home Administration in the amount of $370,-853.91 secured by land valued at $247,000.00 and the joint judgment debt to FCX, Inc., in the amount of $17,958.00. The Debtor's Schedule A–1 reflects a priority debt to the Internal Revenue Service of $50,000.00.

In his Schedule B–4, the Debtor claimed the following specific items of personal property as exempt:

| | |
|---|---|
| Debt owing to The Seafood Place from The Peddler | $500.00 |
| Mortgage from David Crouch for purchase of house and 2-acre tract | 2,000.00 |
| 1973 Commando Jeepster | 300.00 |
| Wearing apparel | 10.00 |
| .22 pistol | 25.00 |
| Fishing equipment | 50.00 |
| Cash on hand | 1,500.00 |
| New York Life Insurance Company Policy—Jeanne F. Crouch, beneficiary | Value Unknown |

No exemption was claimed for real property.

On August 4, 1983, Mrs. Crouch moved to amend the exemptions by claiming

"all those parcels of real property shown on Schedule B–1 of the debtors petition which are held by the debtor and the debtor's wife as tenants by the entirety, pursuant to 11 U.S.C. § 522(b)(2)(B) and the common law of the state of North Carolina."

Both the trustee, Algernon L. Butler, Jr., and the Debtor objected to the exemptions claimed by Mrs. Crouch. The Debtor also moved to amend his exemptions as follows:

"a) to delete the debt owing to The Seafood Place

b) to claim the $1,500.00 cash on hand under N.C.G.S. § 1C–1601(a)(2) instead of 1C–1601(a)(4) and

c) to claim only his one-half interest in the mortgage payments, said mortgage being in the name of the debtor and wife."

No objections were filed to the Debtor's proposed amendment.

Additionally, the Court finds from the Court's records that Mr. Crouch attended his meeting of creditors on August 4, 1983 under a Protective Order, which the Debtor requested from this Court, granting the Debtor immunity from arrest under the Civil Arrest Order while the Debtor was traveling to, attending and returning from the meeting of creditors. The Debtor's discharge has not been entered, but the discharge hearing is scheduled for November 9, 1983.

## DISCUSSION AND CONCLUSIONS

■ The Debtor's interest in property owned with his wife as tenants by the entirety is property of the Debtor's bankruptcy estate. 11 U.S.C. § 541(a); *In re Ford,* 3 B.R. 559 (Bkrtcy.MD.1980), aff'd, *Greenblatt v. Ford,* 638 F.2d 14 (4th Cir.1981). In North Carolina, however, individual creditors of a husband and wife can not reach entirety property upon a judgment procured against either the husband or wife alone, and the entirety property may be exempted under 11 U.S.C. § 522(b)(2)(B). *Grabenhofer v. Garrett,* 260 N.C. 118, 131 S.E.2d 675 (1963). There is no value limitation to the property which may be exempted as tenancy by the entirety property. Furthermore, the tenancy by the entirety exemption is *in addition* to all other exemptions provided by North Carolina law. *In re Banks,* 22 B.R. 891 (Bkrtcy.W.D.N.C. 1982).

Although Mr. Crouch could have claimed the tenancy by the entirety property as exempt without jeopardizing his other exemptions, he affirmatively declined to do so.

■ In some circumstances, a dependent may claim the debtor's exemptions. Mrs. Crouch, who is, under 11 U.S.C. § 522(a)(1), a dependent of the Debtor for purposes of 11 U.S.C. § 522, attempted to claim the tenancy by the entirety property as exempt by amending her husband's list of exemptions. 11 U.S.C. § 522(*l*) provides

The debtor shall file a list of property that the debtor claims as exempt under subsection (b) of this section. If the debtor does not file such a list, a depend-

ent of the debtor may file such a list, or may claim property as exempt from property of the estate on behalf of the debtor. Unless a party in interest objects, the property claimed as exempt on such a list is exempt.

The Trustee and the Debtor argue that under 11 U.S.C. § 522(*l*) failure to file a list of exemptions by the debtor is a condition precedent to the right of the dependent to claim exemptions. Mrs. Crouch should, therefore, be precluded, they contend, from claiming exemptions in this case because the Debtor did, in fact, file such a list.

■ Certainly it is the right of the Debtor in the first instance to choose the exemptions, but, the exemptions must be claimed in good faith and not for the purpose of circumventing the Debtor's obligation to support his spouse. When a debtor who has not met obligations to support a spouse has claimed inadequate exemptions, the spouse should be permitted to claim additional exemptions as long as the additional exemptions do not unduly prejudice the debtor. This Court has previously allowed the wife of a chapter 11 debtor who was delinquent in his alimony payments to claim additional exemptions for her husband. *In re Summerlin,* 26 B.R. 875 (Bkrtcy.E.D.N.C.1983).

In the present case, to permit Mr. Crouch, who has evaded his court-ordered obligations of spousal support, to deny to his destitute wife the benefit of the tenancy by the entirety exemption would be contrary to any standard of fairness and contrary to the Bankruptcy Code's exemption policy to provide a "fresh start" to the debtor and the debtor's dependents.

Will the amendment to the exemptions proposed by Mrs. Crouch unduly prejudice the Debtor? If the exemptions are not allowed, the Debtor's interest in the tenancy by the entirety property, as property of the estate, could be sold by the trustee, assuming that the requirements of 11 U.S.C. § 363(h) are met and assuming the property is not awarded to Mrs. Crouch pursuant to the equitable distribution action. The proceeds would then be distributed according to the priorities established by

the Bankruptcy Code. Any equity in the property remaining after secured claims and costs of administration were met, would first go, according to the Debtor's schedules, to the $50,000.00 IRS claim 11 U.S.C. § 726(a)(1); 11 U.S.C. § 507(a)(6). Any remaining proceeds would be distributed to the unsecured creditors, including Mrs. Crouch.

If the tenancy by the entirety property is exempt, aside from being subject to certain nonavoidable liens, the property would only be subject to nondischargeable claims for taxes and alimony. 11 U.S.C. § 522(c). Mrs. Crouch, however, would have a collection advantage over the IRS in that she would not be subject to the automatic stay in accordance with 11 U.S.C. § 362(b)(2). Although as a practical matter Mr. Crouch might not be as successful in avoiding the IRS as he has been in avoiding the alimony claims of Mrs. Crouch, the Debtor nevertheless is obligated to pay both. Consequently, the Debtor would not be unduly prejudiced if payment were made to Mrs. Crouch ahead of the IRS.

■ Tenancy by the entirety property in North Carolina is subject to claims of creditors having a joint judgment against both husband and wife. *Martin v. Lewis,* 187 N.C. 473, 122 S.E. 180 (1924); *Ragsdale v. Genesco, Inc.,* 674 F.2d 277 (4th Cir.1982). In the present case, the tenancy by the entirety property would be subject to any claim based on a joint judgment whether the joint judgment is presently in effect or whether it arises prior to the debtor's discharge in the future. See *In re Woolard,* 13 B.R. 105, 7 B.C.D. 1370 (Bkrtcy.E.D.N.C. 1981), for the procedure by which a creditor with a joint claim may reduce the claim to judgment prior to discharge. Accordingly,

IT IS ORDERED that the Motion to Amend Exemption filed by Jeanne Fogarty Crouch is ALLOWED subject to the rights of holders of claims arising from joint judgments against Mr. and Mrs. Crouch whether such judgments presently exist or come into being prior to entry of the Debtor's discharge; and

IT IS FURTHER ORDERED that the Debtor's Motion to Amend Claim of Exemptions is ALLOWED.