**In the Matter of Leslie I. LEVINE, Debtor.**

**Leslie I. LEVINE, Plaintiff,**

**v.**

**Ann Barbara LEVINE, Defendant.**

**Bankruptcy No. 87 B 20292.
No. 88 Adv. 6020.**

United States Bankruptcy Court,
S.D. New York.

March 25, 1988.

Reich and Reich, White Plains, N.Y., for debtor-plaintiff.

Bender & Bodnar, White Plains, N.Y., for Ann Barbara Levine.

## DECISION ON MOTION FOR RELIEF FROM AUTOMATIC STAY

HOWARD SCHWARTZBERG, Bankruptcy Judge.

The Chapter 11 debtor, Leslie I. Levine, has commenced an adversary proceeding against his wife, Ann Barbara Levine, for a turnover of certain personal property which he claims as property of the estate in accordance with 11 U.S.C. §§ 541 and 542. The parties have been engaged in heated matrimonial litigation for over four years in the New York Supreme Court, Westchester County, with respect to actions for divorce, alimony, equitable distribution, and child support. Mrs. Levine has moved for relief from the automatic stay imposed under 11 U.S.C. § 362(a) with respect to the issues currently pending in the matrimonial actions.

On June 23, 1987, the debtor filed with this court his voluntary petition for relief under Chapter 11 of the Bankruptcy Code and was continued in possession of his property and was authorized to continue his profession as an attorney in accordance with 11 U.S.C. §§ 1107 and 1108.

Counsel for the parties have stipulated that the following items of personal property were acquired by the debtor before marriage or by gift from his late mother.

1. Green onyx piano lamp and shade.
2. Numerous cartons of books and phonograph records and school notes including filing cabinets.
3. Oak dining table with chairs.
4. Complete set of silverplate flatware with accessory pieces.
5. Etching (Lady with Tambourine).

The debtor contends that the above-mentioned property is his separate property which belongs to him solely by virtue of the provisions of the New York Domestic Relations Law applicable to the rules pertaining to equitable distribution of property in matrimonial actions. Section 236 of the New York Domestic Relations Law provides in relevant part as follows:

§ 236B(1)(d.): The term separate property shall mean:

(1) property acquired before marriage or property acquired by bequest, devise, or descent, or gift from a party other than the spouse;

\* \* \* \* \* \*

§ 236B(5)(b.): Separate property shall remain such.

Mrs. Levine argues that the New York Supreme Court, Westchester County, will be hampered in making a determination with respect to the equitable distribution issues unless the bankruptcy stay is lifted. The debtor contends that there is no question that the above-listed property is not subject to equitable distribution and constitutes property of the estate within the meaning of 11 U.S.C. § 541, which should be turned over to the debtor in possession pursuant to 11 U.S.C. § 542.

This court ruled from the bench that it reserved decision in order to determine the conflict as to jurisdiction, especially since this court should abstain from making any determinations which would frustrate the state court's deliberations regarding the

**24**

application of the law of equitable distribution. Upon reviewing the papers it appears that there is no conflict as to jurisdiction.

 The stipulation by counsel to the effect that the specific personal property listed above was acquired by the debtor as a gift from his mother solely to him makes out a *prima facie* case that the listed property constitutes property of the estate which should be turned over to the debtor pursuant to 11 U.S.C. § 542.

However, the automatic stay does not affect the continuance of matrimonial actions. Specifically, 11 U.S.C. § 362(b)(2) directs that actions for the collection of alimony, maintenance, or support from property that is not property of the estate are not stayed. Manifestly, this court should not interfere with the state court's determination as to the New York law of equitable distribution as applied to the claims of the debtor and his wife. *In re Palmer,* 78 B.R. 402 (Bankr.E.D.N.Y.1987).

A turnover action, which requires an adversary proceeding under Bankruptcy Rule 7001(1), is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(E), and is within the original, but not exclusive, jurisdiction of the District Court pursuant to 28 U.S.C. § 1334(b), which then refers such jurisdiction to this court under 28 U.S.C. § 157(a). *Yaquinto v. Greer,* 81 B.R. 870, 877 (N.D. Tex.1988). Accordingly, jurisdiction is not wanting, because 28 U.S.C. § 1334(d) embraces all of the property of the estate, wherever located.

> While the matrimonial court is uniquely qualified to determine the nature and the extent of [equitable distribution], this court is exclusively authorized to adjudicate the impact of that entitlement upon any property subject to the claims of other creditors of the estate.

*In re Palmer,* 78 B.R. at 406.

Although the bankruptcy court's jurisdiction over the property of the estate supersedes the jurisdiction of the state court where the matrimonial actions are pending, this jurisdiction does not mean that the bankruptcy court should adjudicate rights created under the state matrimonial law. *In re Johnson,* 51 B.R. 439, 443 (Bankr.E.D.Pa.1985). In order to harmonize the concept of property of the estate under the aegis of this court's jurisdiction with the exclusivity of the state court's authority to adjudicate matrimonial property rights, the court will grant the relief sought by both parties as follows:

The non-debtor spouse's motion for relief from the stay is granted. The state court is at liberty to adjudicate fully all matrimonial issues, including equitable distribution rights as to matrimonial property. Additionally, the debtor's request for a turnover of property which the parties' counsel have stipulated originally belonged solely to the debtor as a result of gifts from his late mother, is granted, subject to a return to the non-debtor spouse of any portion of such property which the state court may hereafter award to such non-debtor spouse.

SETTLE ORDER on notice.