**In re James L. GREENWALD, Debtor.**

**Bankruptcy No. 91–10710.**

United States Bankruptcy Court,
S.D. New York.

Aug. 7, 1991.

Maria Echaveste & Paul L. Bindler, Roseman & Colin, New York City, for Patricia Greenwald.

Barton Nachamie, Todtman, Young, Tunick, Nachamie, Hendler & Spizz, P.C., New York City, for James L. Greenwald, debtor.

## MEMORANDUM OF DECISION ON MOTION TO DISMISS, OR IN THE ALTERNATIVE, RELIEF FROM STAY

FRANCIS G. CONRAD, Bankruptcy Judge, Sitting by Special Designation.

James L. Greenwald ("Mr. Greenwald" and the "Debtor") and his former spouse, Patricia Greenwald ("Ms. Greenwald") were married on December 18, 1960. The couple divorced in April 1990 after 30 years of marriage. The trial court in the matrimonial proceeding observed that theirs "is a true success story about which movies and books are written." (Movant's Exhibit A at pp. 2–3). Indeed, from humble beginnings as a radio salesman and a $13,000 salary, the debtor advanced to become the chief executive officer of a communications company, earning in salary alone $1,400,-000 per year. Their financial successes were not limited to the debtor's earning capacity. Ms. Greenwald had her own successful career in the advertising field. At various times during their marriage, personal family matters would require her to withdraw from full time employment. In 1964, she took time off to have a child and did not resume full time employment until 1974. Once again, personal family matters would require her to take a leave of absence. Since 1989, however, Ms. Greenwald has been employed as a consultant in an advertising agency earning $300 a day.

In August 1987, Ms. Greenwald commenced divorce proceedings. Although he did not contest the divorce, Mr. Greenwald opposed equitable distribution of the martial property. On April 13, 1990, a decision was rendered in the marital action after an eight day trial which made the following award to Ms. Greenwald: a 50% interest in the marital estate of one half of the shares of Katz Employee Stock Ownership Plan

Trust account ("Katz ESOP"), or, in the alternative, one half of the proceeds from the sale of such shares in the event the plan was terminated (the "ESOP Award");[1] a distributive award from the Debtor in the sum of $4,432,986 (the "Cash Award"), and a transfer to Ms. Greenwald of $434,974 from Mr. Greenwald's individual retirement accounts (the "IRA Award"). On April 13, 1990, a judgment of divorce was entered directing a distribution in accordance with the court's decision (the "Judgment of Divorce"). The Judgment of Divorce provided that if the Debtor failed to make the required payments, the County Clerk was directed to enter judgment in favor of Ms. Greenwald for any unpaid portion of the award.

As a result of a stay pending appeal obtained by the Debtor, no payments were made under the judgment. Meanwhile, on July 5, 1990 and August 20, 1990, Ms. Greenwald caused money judgments to be entered by the County Clerk in the amount of $4,870,360.78 and $1,702,974, respectively, representing her entitlement to the IRA and Cash Awards and the ESOP Award. Thereafter, the appellate court rendered its decision rejecting as without merit the vast majority of the Debtor's challenges to the trial court decision.[2] Upon the expiration of the stay, Ms. Greenwald caused the sheriff to execute upon two accounts maintained by the Debtor, one at Merrill Lynch and another at Bank of New York.

Again, the Debtor moved before the appellate court for reargument or, alternatively, for leave to appeal to the Court of Appeals and for a stay pending appeal. On February 19, 1991, the New York Appellate Division denied the Debtor's request for a stay. The following day Mr. Greenwald filed for relief under chapter 11 of title 11[3] staying enforcement of the prepetition judgment. Almost immediately upon the filing, the Debtor commenced an adversary proceeding seeking to set aside as preferential the levies upon the Debtor's bank accounts. The same adversary proceeding seeks a further declaration that the Debtor's IRA account is exempt property, not subject to application to satisfaction of the Judgment of Divorce.

On March 15, 1991, Ms. Greenwald filed a motion to dismiss the case or, in the alternative, relief from the automatic stay. In support of the motion, Ms. Greenwald argues that the case was filed in bad faith and the Debtor is not eligible for relief under chapter 11 because he is not an individual engaged in business. On April 15, 1991, at a hearing held before Judge Goodman the parties agreed to continue the automatic stay and defer an evidentiary hearing pending a determination as to whether the property awarded to Ms. Greenwald under the Judgment of Divorce constitutes property of the estate.

Section 541 provides that a debtor's estate is comprised of all interests both legal and equitable existing as of the commencement of the case. 11 U.S.C. § 541(a). Although the terms "property" and "interests" are not defined in § 541 of the Code, state law or applicable nonbankruptcy law generally determines whether the debtor's interest in property is sufficient to bring it within the ambit of "property of the estate." *Crysen/Montenay Energy Co. v. Esselen Associates, Inc. (In re Crysen/Montenay Energy Co.)*, 902 F.2d 1098 (2d Cir.1990); *In re Howard's Appliance Corp.*, 874 F.2d 88 (2d Cir.1989); *see generally Butner v. United States*, 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979). This court must determine whether the estate has any interest in property awarded to his spouse in a marital action prior to the bankruptcy proceeding. We hold that the property awarded Ms. Greenwald in the Judgement of Divorce is not property of the estate.

---

**1.** The Debtor is currently the president and CEO of Katz Communication Company.

**2.** The appellate court did, however, modify the ESOP Award by way of a minor downward adjustment of $262,239.77, resulting in a reduced award of $1,440,734.23.

**3.** The debtor's petition list assets of $12,117,000 and liabilities of $9,203,000. The debtor indicates four unsecured creditors, one of which is his former spouse listed in the amount of $6,700,000.

In New York, a final judgment in a marital action by a court of competent jurisdiction determines the rights between the parties. *Rainbow v. Swisher*, 72 N.Y.2d 106, 527 N.E.2d 258, 531 N.Y.S.2d 775 (1988). Domestic Relations Law § 236(B)(5)(a) provides in pertinent part that in a marital action the court "shall determine the respective rights of the parties in their separate or marital property, and shall provide for the disposition thereof *in the final judgment. Sperber v. Schwartz*, 139 A.D.2d 640, 527 N.Y.S.2d 279 (2d Dep't 1988) (emphasis in original). In *Leibowits v. Leibowits*, 93 A.D.2d 535, 462 N.Y.S.2d 469, 478 (2d Dep't 1983) (O'Connor, J., concurring), Justice O'Connor noted that *"at no point prior to judgment* does the new law itself create any contingent or present vested interests, legal or equitable, by virtue of the parties' marital status or prior to a judgment dissolving their union." (emphasis added).

The few courts that have addressed the issue have done so in cases where the matrimonial proceeding remained extant at the time of bankruptcy. Those courts have consistently held that prior to judgment the rights of a nondebtor spouse to the debtor's property are no better than that of an unsecured creditor. *See Goldberg v. Hilsen (In re Hilsen)*, 119 B.R. 435 (S.D.N.Y.1990); *In re Palmer*, 78 B.R. 402 (Bankr.E.D.N.Y.1987). In *Palmer*, the bankruptcy court held that where a spouse's equitable distribution rights vest after the commencement of the bankruptcy proceeding, the spouse's rights are subject to the Code's priority scheme as any other creditor. 78 B.R. at 406.

Likewise, in *Hilsen* the equitable distribution award had not been obtained prior to bankruptcy. The bankruptcy court had lifted the stay to allow the state court to render judgment in all issues raised in the marital action, including an equitable distribution award. Thereafter, the state court awarded Ms. Hilsen a 100% interest in one of the three real estate properties and a 50% interest in a second. After the debtor

converted his case to chapter 7, the trustee commenced an adversary proceeding seeking a declaration that the two properties were exclusive property of the bankruptcy estate. The district court held that "since no judgment of divorce had issued as of the date of the filing, Ms. Hilsen had no *vested* property rights in the 85th or 86th Street Apartments under state law and the properties passed into the debtor's estate free of claims by her." 119 B.R. at 438 (emphasis in original).[4]

The facts in *Hilsen* and *Palmer* are in stark contrast to facts before the court. Here, a final Judgment of Divorce was entered prior to the filing of bankruptcy. The Judgment of Divorce fixed the parties interest in the marital property, awarding Ms. Greenwald the Katz ESOP or its proceeds, the Katz Award, a Cash Award and an IRA Award. Her rights to the distributive award vested upon the entry of the Judgment of Divorce. *Leibowits v. Leibowits*, 93 A.D.2d 535, 462 N.Y.S.2d 469. I cannot agree with the debtor's position that Ms. Greenwald was but a judgment lienor as of the filing. The fact that Ms. Greenwald chose to enforce her already vested property rights by way of an execution on the debtor's bank accounts does not transform the rights conferred upon her in the Judgment of Divorce into nothing more than a secured claim.

Because Ms. Greenwald's rights in the ESOP Award, the Cash Award and the IRA Award vested prior to the bankruptcy proceeding, these items are not property of the estate. *In re Moore*, 5 B.R. 67 (Bankr. N.D.Tex.1980); *cf. Gardner v. United States (In re Gardner)*, 913 F.2d 1515 (10th Cir.1990) (bankruptcy court lacked jurisdiction to determine whether nondebtor spouse's interest was superior to government's after concluding the debtor had no interest in the marital property). Accordingly, this court will lift the automatic stay to allow Ms. Greenwald to enforce her rights under the Judgment of Divorce.

---

**4.** Nonetheless, the district court reversed and remanded the proceeding back to the bankruptcy court to consider a related issue not addressed by the bankruptcy court.

Settle order in accordance with this opinion.