**In re Gerald R. DONNELLY, Debtor.**

**Bankruptcy No. 2–91–02098.**

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

July 1, 1992.

Frederick L. Ransier, III, Ransier & Ransier, Columbus, OH, Chapter 7 Trustee.

Robert Farber, Columbus, OH, for debtor.

Susan L. Rhiel, Thompson, Hine and Flory, Columbus, OH, for Janet Donnelly.

Charles M. Caldwell, Office of the U.S. Trustee, Columbus, OH.

## OPINION AND ORDER ON OBJECTION TO CLAIM OF EXEMPTION

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court on an objection by the trustee in bankruptcy to a claim of exemption asserted by debtor Gerald R. Donnelly. The objection relates to the contents of an individual retirement account. Both the debtor and his wife (who is not in bankruptcy) opposed the trustee's objection.

On May 4, 1992, the Court heard this contested matter. At that time neither the debtor nor his counsel appeared because the debtor had determined not to further contest the trustee's objection. The debt-or's wife, Janet Donnelly, pursued her opposition and presented legal argument and testimony.

The Court has jurisdiction in this contested matter under 28 U.S.C. § 1334(b) and the General Order of Reference entered in this district. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B) which this bankruptcy judge may hear and determine. For reasons stated below, the Court hereby orders the objection to exemption to be held in abeyance.

The debtor and his wife are involved in a divorce proceeding. After that divorce action was initiated in state court, the debtor filed a petition under chapter 13 of the Bankruptcy Code. That case was converted to a Chapter 7 case in January 1992.

In his original schedules filed with the Court, the debtor claimed as exempt his interest in an individual retirement account ("IRA") held in his name. The Chapter 7 trustee objected to that claim of exemption on the grounds that the IRA was not reasonably necessary for the debtor's support. The debtor has now determined not to oppose the trustee's objection. Indeed, the evidence adduced showed that the IRA is not necessary for the debtor's support and that the only basis for exemption would be necessity for the support for Janet Donnelly after the divorce proceedings have concluded.

Janet Donnelly requests the Court to allow her to claim the IRA as exempt property of the estate on behalf of the debtor because she is a dependent of the debtor. The right to assert the exemption is based upon 11 U.S.C. § 522(l) which states:

(l) The debtor shall file a list of property that the debtor claims as exempt under subsection (b) of this section. If the debtor does not file such a list, a dependent of the debtor may file such a list, or may claim property as exempt from property of the estate on behalf of the debtor. Unless a party in interest objects, the property claimed as exempt on such list is exempt.

The IRA is owned solely by the debtor. However, as a marital asset, it is

subject to division by the state court in the divorce proceeding. *Hoyt v. Hoyt,* 53 Ohio St.3d 177, 559 N.E.2d 1292 (1990). That property division has not occurred, however, because of the state court's sensitivity to the automatic stay imposed by the debtor's bankruptcy filing.

In support of her authority to claim the exemption, Janet Donnelly cites *In re Crouch,* 33 B.R. 271 (Bankr.E.D.N.C.1983). The debtor in *Crouch* had failed to claim real property as exempt and allegations were made that his failure was an attempt to avoid spousal support obligations. The court in *Crouch* permitted the debtor's estranged spouse to amend the debtor's claim of exemptions to include the property.

The trustee asserts, however, that 11 U.S.C. § 522(*l*) allows a dependent to claim property of the estate as exempt on behalf of the debtor only if the debtor fails to do so. The trustee argues that *Crouch* can be distinguished because this debtor attempted to fully exempt his interest in the IRA and also defended that exemption by a memorandum filed in opposition to the trustee's objection. The debtor in *Crouch* did not take such actions. 33 B.R. at 271. The trustee further argues that *Crouch* also involved property held by the entireties. The IRA in this case is owned solely by the debtor, and, therefore, the trustee believes *Crouch* is inapplicable.

The trustee does not dispute that the IRA may be necessary for Janet Donnelly's support, but denies that she has standing to claim the exemption on the debtor's behalf.

The *Crouch* decision was based on facts somewhat similar to the facts presently before this Court. However, in *Crouch* the court held that "exemptions must be claimed in good faith and not for the purpose of circumventing the Debtor's obligation to support his spouse." *Crouch,* 33 B.R. at 273. When exemptions were purposely not claimed by a debtor who had failed to meet spousal support obligations, the spouse was permitted to claim additional exemptions as long as the debtor was not unduly prejudiced. *Crouch,* 33 B.R. at 273. In this case, however, there is no evidence of outstanding unpaid spousal support obligations.

■ Janet Donnelly contends that "[t]he bankruptcy court's jurisdiction over the property of the estate supersedes the jurisdiction of the state court where the matrimonial actions are pending," citing *In the Matter of Levine,* 84 B.R. 22 (Bankr. S.D.N.Y.1988). Without deciding that issue, however, the bankruptcy court has discretion to lift or modify the automatic stay imposed by 11 U.S.C. § 362(a) to permit a divorce proceeding to continue in state court. Such relief would permit the state court to exercise its domestic relations authority to determine the equitable ownership of marital assets. *White v. White (In re White),* 851 F.2d 170 (6th Cir.1988).

This debtor has a number of other ERISA qualified retirement fund assets which are not property of his bankruptcy estate. *See Patterson v. Shumate,* — U.S. —, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992). Should the domestic relations court determine to award Janet Donnelly one or more of those retirement assets and leave the IRA as Gerald Donnelly's asset, the factual proof in this matter would be changed. The Court surmises that the debtor no longer cares about this IRA because he realizes it will go either to his wife in the divorce proceeding or to his creditors in the bankruptcy proceeding.

■ This Court believes Janet Donnelly has standing to oppose the trustee's objection to the debtor's claim of exemption. That opposition may be premature, however. If the state court awards Janet Donnelly an adequate share of the marital estate's interests in retirement funds from assets other than this IRA, then the proceeds of the IRA should be available to Gerald Donnelly's creditors without a claim of exemption by Janet Donnelly. If she is awarded the IRA, then the bankruptcy estate may find it more difficult to oppose the claim of exemption on her behalf. Accordingly, this Court believes the domestic relations court should apportion the marital property before this Court attempts to determine the exemption issue. The trustee

should participate in that determination as it relates to property of the bankruptcy estate.

### Conclusion

Based upon the foregoing, this Court modifies the automatic stay for the express purpose of permitting the state domestic relations court to apportion the marital property between the debtor and Janet Donnelly. Once that division has been ordered, Janet Donnelly shall inform this Court of that result and the exemption dispute will be resolved accordingly. This order is not an abandonment by the trustee of the estate's interest in the IRA.

IT IS SO ORDERED.