**In re Johnnie Taylor PRICE, Debtor.**

**Bankruptcy No. 92–07475–A.**

United States Bankruptcy Court,
N.D. Florida,
Tallahassee Division.

April 14, 1993.

Andrew J. Decker, III, Live Oak, FL, for movant.

Whitney Strickland, Tallahassee, FL, for debtor.

William Miller, trustee.

### ORDER DENYING CREDITOR'S MOTION FOR RELIEF FROM AUTOMATIC STAY

LEWIS M. KILLIAN, Jr., Bankruptcy Judge.

This case came before the Court on the motion of a creditor, Aaron Price, Sr., for relief from the automatic stay. The creditor, Aaron Price, Sr., seeks relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) so that he may pursue all avail-

able non-bankruptcy law remedies in the state domestic relations court.

Aaron and Johnnie Price filed for a dissolution of marriage before the debtor, Johnnie Price, filed a bankruptcy petition. However, the state matrimonial court had not issued a Final Judgment in the parties' dissolution proceeding when Ms. Price filed for bankruptcy. Aaron Price, Sr. filed a Motion For Relief From Automatic Stay in this Court to allow the state matrimonial court to issue a Final Judgment in the dissolution of marriage proceeding. After Mr. Price's Motion For Relief From Automatic Stay was filed, the state court issued a Final Judgment in the dissolution action. This Judgment awarded child custody and child support and divided the couple's marital property. The Judgment also instructed Ms. Price to repay her loan from Buckeye Employees Federal Credit Union which was secured by stock owned solely by Mr. Price. Importantly, the Final Judgment was not effective upon its issuance, as the state court deferred to the jurisdiction of the bankruptcy court as to the *economic matters* in the Final Judgment. Specifically, the Final Judgment provided that it "shall be ineffective until such time as the Bankruptcy Court has exercised its exclusive jurisdiction over the economic matters." The non-economic matters addressed in the Final Judgment are not affected by the bankruptcy proceeding, as the state court did not defer to the jurisdiction of this Court on non-economic matters. Therefore, only the property division provisions in the Final Judgment are ineffective until the issuance of this court's decision in the matter.

 State matrimonial courts have jurisdiction to adjudicate personal rights, custodial relationships, and property entitlements of the parties involved in the proceeding without the interference of a bankruptcy court. *Matter of Palmer,* 78 B.R. 402, 405 (Bankr.E.D.N.Y.1987). Because bankruptcy courts are courts of narrowly circumscribed jurisdiction and state courts have jurisdiction over domestic relations, bankruptcy courts should not interject themselves into a state court matrimonial proceeding absent a compelling federal question. *Id.*

 However, once the state court proceedings affect property of the estate or dischargeable obligations of the debtor, the bankruptcy court has the power to interfere with the state court proceedings, as a federal question has now arisen and the Supremacy Clause of the United States Constitution is applicable. *Id.* at 405–406. Because the debtor's property becomes property of the estate when the bankruptcy petition is filed, when no equitable distribution of marital property has occurred at the time the bankruptcy petition is filed, subsequent state court proceedings distributing marital property affect property of the estate. *Id.* at 406.

For example, in *Palmer,* a petition for dissolution of marriage was filed by the husband and a counterclaim for dissolution was filed by the wife. Four years after the filing of the dissolution petition, but before a final judgment had been rendered, the husband filed for bankruptcy under Chapter 7. The wife petitioned the bankruptcy court for relief from the automatic stay so that the state matrimonial court could decide the equitable distribution of the parties' marital property. The bankruptcy court vacated the stay, but retained jurisdiction over any distribution of property of the estate made by the state court. In so holding, the bankruptcy court determined that the wife had a general unsecured claim on the property of her husband's estate to the extent of her award of marital property.

To the extent that the state matrimonial court adjudicates an

> equitable distribution in favor of the non-debtor spouse, such award becomes a claim within the context of 11 U.S.C. § 101(9). The non-debtor spouse's claim is an entitlement against the debtor's estate, and thus she becomes one of the general unsecured creditors of the estate.

*Id.* See also, *Perlow v. Perlow,* 128 B.R. 412, 416 (E.D.N.C.1991).

Thus, this Court has jurisdiction to decide the matter before it, as the state

court's Final Judgment affected property of the estate, over which this Court has jurisdiction. The state court recognized this Court's jurisdiction and deferred to that jurisdiction in its Final Judgment.

 Section 362(d)(1) of the Bankruptcy Code provides, in part, that relief from the automatic stay imposed under § 362(a) may be granted for cause. In support of his motion, Aaron Price, Sr., asserts that relief should be granted so that the state court can issue a Final Judgment in the dissolution proceeding. Mr. Price also requests relief from the automatic stay to allow the state court to release his pledge of stock to Buckeye Employees Federal Credit Union or to provide him with security for this pledge.

Mr. Price's Motion For Relief From Automatic Stay is denied. The issuance of a Final Judgment by the state court in the dissolution proceeding decided all pending issues in that court.

The state court's decision and judgment on the non-economic issues is final and effective, and is not affected by the bankruptcy. However, certain aspects of the economic provisions of the judgment are affected. Any award of liens on property owned by the debtor at the time of this bankruptcy would be void since the imposition of such liens would be in violation of the provisions of § 362(a)(4) or (5). Likewise, any order for payment of any obligations by Mrs. Price would be ineffective until such time as the dischargeability of those obligations has been determined. Until that determination has been made, Mr. Price simply holds an unsecured claim against the estate for any sums payable.

With respect to the equitable distribution of property contained in the judgment, such determination establishes Mr. Price's claim based on the award, but that claim is merely a general unsecured claim against this estate. Any interest of Mr. Price in the property has been cut off by the filing of the bankruptcy. *Perlow*, 128 B.R. 412 at 415 (E.D.N.C.1991).

The extent of Mr. Price's claim, with the possible exception of placing a value on the property distribution award, has been es-tablished by the state court, and we accept the state court judgment as being determinative of that claim. The enforcement of that claim, however, is barred by the stay of § 362(a) and now that the debtor has received her discharge, the injunction of § 524(a) of the Code. The right of Mr. Price to enforce any of the economic provisions of the judgment shall be determined in the adversary proceeding filed by the debtor for a determination of the dischargeability of those obligations.

Accordingly, it is

ORDERED AND ADJUDGED that the Motion For Relief From Automatic Stay be and same is hereby DENIED.

DONE AND ORDERED.