In re Teddy Hubert MORGAN, Debtor.

Soneet R. Kapila, Trustee, Plaintiff,

v.

Moritta Wilson Morgan, Defendant.

Bankruptcy No. 01–21216–BKC–RBR.
Adversary No. 01–2963.

United States Bankruptcy Court,
E.D. Wisconsin.

Oct. 10, 2002.

Andrew N. Herbach, Milwaukee, WI, for Plaintiff.

Robert Meyeroff, Milwaukee, WI, for Defendant.

## MEMORANDUM DECISION ON CROSS MOTIONS FOR SUMMARY JUDGMENT

M. DEE MCGARITY, Bankruptcy Judge.

The debtor, Teddy Hubert Morgan, filed a voluntary petition under chapter 7 with the United States Bankruptcy Court for the Southern District of Florida on February 27, 2001. Several years earlier, in 1996, the debtor and his spouse, Moritta Wilson Morgan, acquired title in a single family residence in Milwaukee, Wisconsin, while both resided in Wisconsin. After the purchase, the debtor moved to Florida and filed his petition, and the wife initiated divorce proceedings in Wisconsin; exact dates are unknown, except that the divorce petition was filed after the bankruptcy petition, and no relief from the stay was obtained. In his schedules, the debtor claimed the exemptions found in the Florida statutes, but he claimed no exemption in the Wisconsin property.

The trustee initiated an adversary proceeding against Ms. Morgan on August 6, 2001, to obtain approval pursuant to 11 U.S.C. § 363(h) for the sale of both the interest of the estate and the co-owner spouse in the real property, which is occupied by Ms. Morgan and the Morgans' three children. The bankruptcy court in Florida granted Ms. Morgan's motion to transfer venue of the adversary proceeding to this district on October 25, 2001. After the complaint was amended and a second answer was filed, the parties filed cross-motions for summary judgment and fully briefed the issue of whether the Wisconsin property passes to the Florida bankruptcy trustee and whether the debtor's nonfiling spouse can assert any objection to that sale or claim an exemption in the property.

This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, and this is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (N) and (O), involving property of the debtor's estate under 11 U.S.C. §§ 363 and 541. This decision constitutes the court's findings of fact and conclusions of law pursuant to Fed. R. Bankr.P. 7052.

## ARGUMENTS

The trustee contends that Ms. Morgan, the debtor's nonfiling spouse, is not entitled to claim the homestead exemption pursuant to §˙ 815.20, Wis. Stats. Furthermore, as marital property held in the names of both spouses, the homestead was subject to the debtor's joint management and control, thereby entering his bankruptcy estate as community property pursuant to 11 U.S.C. § 541(a)(2)(A). The entry of the property in the debtor's estate, according to the trustee, gave the debtor the exclusive right to claim exemptions therein. 11 U.S.C. § 522(b); *In re Homan*, 112 B.R. 356, 359 (9th Cir. BAP 1989).

The trustee points out the debtor used the Florida exemptions, and his failure to claim a homestead exemption is not sub-

ject to modification under the Code provisions permitting a nondebtor spouse to declare exemptions as a dependant of a debtor spouse. 11 U.S.C. § 522(a)(1) and (1). The trustee also argues that even if the right existed, Ms. Morgan failed to claim property exempt on behalf of the debtor within 30 days after the time for the debtor to file a list had expired, as is required under § 522(*l*). Ms. Morgan's remedy is thus limited to her right of first refusal to purchase the property when the trustee seeks to sell it. 11 U.S.C. § 363(i). In the alternative, if the court determines that Ms. Morgan is entitled to the exemption, the trustee asserts she is only entitled to one-half of the exemption.

Although she agrees the real property is a marital property asset and included in the estate pursuant to 11 U.S.C. § 541(a)(2)(A), Ms. Morgan asserts the real estate is exempt from sale or execution by the trustee because it is her homestead. The rights of Ms. Morgan to her Wisconsin homestead exemption should not be affected because her husband moved to Florida and filed a bankruptcy petition. Ms. Morgan thus contends she should have the right to supplement the debtor's list of exemptions and claim the full state exemption right. That right was not lost because she failed to supplement the debtor's list within 30 days because schedules may be amended at any time before the case is closed, absent a showing of bad faith or prejudice, and she was not aware of the bankruptcy in time to file her list of exemptions timely. If she is entitled to the exemption, Ms. Morgan claims she is entitled to the entire homestead exemption because the debtor abandoned the homestead and did not claim any homestead exemption of his own.

## DISCUSSION

Summary judgment may be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *see also Neuma, Inc. v. AMP, Inc.,* 259 F.3d 864, 871 (7th Cir. 2001).

Property rights are, for the most part, creatures of state law. The general rule is that federal law supercedes state law, but a debtor filing a bankruptcy case brings property under federal jurisdiction with those state created property rights unchanged. *Butner v. United States,* 440 U.S. 48, 54–55, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979). Federal law is then applied to determine how debtors' and creditors' state law rights are treated in the bankruptcy context. The application of bankruptcy law to state created community property rights can at its most benign be described as weird, but it can also be downright cruel. Such is the case here.

Community property evolved as one of several means of protecting a wife (equality of management of property being a more recent concept) from destitution in the event of death of or abandonment by a husband, who was empowered to control all property of both spouses. The device was adopted by eight of the United States before statehood, principally from their Spanish and French heritage, and by statutory authority in Wisconsin effective January 1, 1986. The term used to describe the property of spouses in Wisconsin is "marital property," and it is intended to be a form of community property. Wis. Stat. § 766.001(2). Alaska also has an elective community property system. Alaska Stat. Tit. 34, Ch. 77. Various means of fine tuning have developed to accommodate the necessities of recorded title, credit acquisition, debt recovery, and other aspects of a

modern economic system in which all parties to a transaction are not acquainted with each other, but all community property regimes provide generally for a presumption that all property of both spouses is community property, however titled, that all community property is owned equally by both spouses, and most community property (certain exceptions being part of the fine tuning process) is available to pay debts incurred by either spouse. All systems allow for separate or individual property, which can also result in mixed property. Mixed property results when a particular asset has separate and community components making up its value. A small amount of the value of the real estate in question here might be Ms. Morgan's individual property, depending on when Mr. Morgan left Wisconsin and the change in equity after that date, but that does not need to be determined yet. *See* Wis. Stat. § 766.01(5) & (8).

■■■ We first look to the debtor's property interests on the date he filed his bankruptcy petition to determine the property in his estate. When Mr. Morgan filed his petition in Florida, the parties were still married, and one of his assets was an interest in the Wisconsin real estate, which the parties agree was classified as marital property. It is titled in both names, and it is Ms. Morgan's homestead, so management and control of the asset required the consent of both spouses. Wis. Stat. §§ 766.51(2), 706.02(1)(f). Thus, both spouses' interests in the real estate, not just the debtor's one-half interest, are in his bankruptcy estate. 11 U.S.C. § 541(a)(2)(A);[1] *see also In re Fingado,* 995 F.2d 175 (10th Cir.1993). While Ms. Morgan's counsel may argue that this is not fair given the personal circumstances of the parties, the statute leaves no room for such considerations.

■■■ Once the property is determined to be entirely in the debtor's estate and under the control of the trustee, Ms. Morgan becomes motivated to remove at least half, and preferably all, of the property from the estate, so it is not sold out from under her. This might, of course, be a risk even if only the debtor's one-half interest were in the estate, as the trustee can sometimes sell a nondebtor co-owner's interest in an asset that cannot be partitioned in kind, the sale of the debtor's undivided interest would realize significantly less for the estate than sale of the entire asset, and the property is not used in the production of certain types of energy. The co-owner then receives a portion of the proceeds. 11 U.S.C. § 363(h). However, under that subsection, the nondebtor co-owner has an opportunity to prevent that sale if the detriment to the co-owner outweighs the benefit to the estate, which means that the court could apply equitable considerations. 11 U.S.C. § 363(h)(3). Here, the entire asset is in the estate, and no interest of a co-owner is being sold. Thus, the equitable factors of § 363(h)(3) do not apply to former community property in one spouse's estate. The

---

1. Section 541(a)(2)(A) read as follows:
 (a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:

 . . . . .

 (2) All interests of the debtor and the debtor's spouse in community property as of the commencement of the case that is—

 (A) under the sole, equal, or joint management and control of the debtor....
 11 U.S.C. § 541(a)(2)(A).

nondebtor spouse may purchase the former community property from the estate under § 363(i), but we do not know if that is a practical option in this instance.

 Another option for wresting the real estate from the trustee is to somehow make it exempt, which would enable Ms. Morgan to pull it out of the estate. Under Wisconsin law, she would be entitled to claim it exempt to the extent of $40,000 in equity. This exemption may be divided among co-owners who reside together in the homestead as they agree, or otherwise by a court, but since only she lives there with the parties' children and the debtor does not, she probably could claim the entire amount. *See* Wis. Stat. § 818.20.

 Unfortunately for Ms. Morgan, we must apply federal law when removing property from the estate via a claim of exemption. Section 522(b) provides that only "an individual debtor may exempt from property of the estate the property listed" in the schedules. She is not an individual debtor. *See* 11 U.S.C. § 101(13). Only her husband was an individual debtor on the date that he filed, so only he can claim an exemption that might pull her homestead out of his estate. It would not do her any good to file her own case now, as she no longer has the property to claim exempt. Ms. Morgan points out that property can pass exempt through subsequent estates, provided it qualifies in each estate, but that cannot help her here. *See In re Bartlett,* 24 B.R. 605, 608 (9th Cir. BAP 1982). The property cannot get out of Mr. Morgan's estate because it was not claimed (and perhaps may not qualify, depending on Florida law).

 Section 522(b) also provides that in a joint case, the spouses may not split the exemptions; that is, the prohibition applies to one claiming the state exemptions and one claiming the federal exemp-tions. Here, we do not have a joint case, and the debtor spouse has claimed the Florida exemptions. The nondebtor spouse is asking to claim the Wisconsin homestead exemption in a Florida case. If the Code will not allow spouses in a joint case to claim different sets of exemptions, it is illogical to assume that spouses could claim exemptions from different states when only one files. The Code has addressed the situation of a single spouse filing, and only the individual debtor can make the exemption claim.

 It is not clear from the record, but it appears there may have been a property division by the family court in Wisconsin upon completion of an action for dissolution filed after the bankruptcy case was filed. No relief from the stay was requested when Ms. Morgan filed the dissolution action, and indeed, she may not have known about the bankruptcy. Nevertheless, by then, the house in question was already under the jurisdiction of the Florida bankruptcy court, and the state court had no jurisdiction to award this house to Ms. Morgan or anyone else. *See, e.g., In re Price,* 154 B.R. 344 (Bankr.N.D.Fla. 1993); *In re Briglevich,* 147 B.R. 1015 (Bankr.N.D.Ga.1992). She might have a claim, but that is a matter for the main case.

 Section 522(*l*) provides that a dependant of the debtor, including the debtor's spouse, whether or not actually dependant, may file a list of claimed exemptions if the debtor fails to do so. However, he did so. Since the right is his alone, she may not supplement that list, even if she disagrees with his choices. *In re Homan,* 112 B.R. 356 (9th Cir. BAP 1989). Of course, we have no way of knowing whether the debtor intended to harm her by these choices or even whether claiming the Wisconsin homestead of his children would have been an option under Florida law.

*See In re Crouch*, 33 B.R. 271 (Bankr. E.D.N.C.1983) (exemptions must be claimed in good faith and not for the purpose of harming the nondebtor spouse's rights); *see also, e.g., Matter of Neis*, 723 F.2d 584 (7th Cir.1983) (husband who vacated homestead because of marital discord could still claim homestead exemption from claims of creditors). Issues involving the main case, such as who can file schedules, when, and what they can contain, would have to be sorted out in the main case. This court has no jurisdiction over the main case, only this adversary proceeding, which asks only that the trustee be allowed to sell the property and declare that any purported transfer of ownership of the property pursuant to the state court action for dissolution is void. Therefore, we must deal with the schedules as filed.

State community property laws, and associated bankruptcy applications, generally treat a marriage as an economic unit. Almost all community property goes into the estate of one spouse who files a bankruptcy petition, and almost all debts incurred by either spouse are treated as community claims which can recover from the estate. The reality, of course, is that spouses on the verge of a divorce frequently do not act as an economic unit, and community property rules can have grossly unfair consequences. State laws, and their practical administration, do not necessarily apply quickly enough to accommodate the quick deterioration of a relationship or change in living arrangements, and perhaps they should not. Creditors' rights must be predictable and not subject to modification by the whims of the parties' personal problems. The inclusion of the Wisconsin real estate in the Florida bankruptcy estate may be unfair in this instance, but it is consistent with the concept of community property, consistent with the statutes, and entirely predictable.

## CONCLUSION

For the reasons stated in this decision, the trustee's motion for summary judgment is granted, and this court holds that the trustee is authorized sell the former community property Wisconsin real estate of the debtor and his nondebtor defendant spouse and administer the proceeds as provided by law. This court further holds that any purported transfer of such property pursuant to a decree of dissolution is void. A separate order consistent with this opinion will be entered.