**In re Paul BENYOLA, Jr., Debtor.**

**John F. AMES, Trustee, Plaintiff,**

v.

**Paul BENYOLA, Jr., Suzanne E. Benyola, Franklin First Federal Savings, and Frank Ralick, Defendants.**

Bankruptcy No. 90–33743–S.
Adv. No. 91–3039–S.

United States Bankruptcy Court,
E.D. Virginia,
Richmond Division.

Feb. 3, 1992.

drawal provision of 28 U.S.C. § 157(d). Therefore, I need not decide whether or not the withdrawal is mandatory.

John F. Ames, Richmond, Va., for plaintiff.

Leonard E. Starr, III, Farmer, Starr & Holmes, Sandston, Va., Thomas K. Kearney, Natkin, Heslep, Siegel & Natkin, P.C., Richmond, Va., Gary M. Nuckols, Good Pasture & Nuckols, Fredericksburg, Va., for defendants.

## MEMORANDUM OPINION

BLACKWELL N. SHELLEY,
Bankruptcy Judge.

This matter comes on before this Court upon the filing of a complaint by John F. Ames, Trustee in Bankruptcy for the debtor, to sell property owned by the debtor and the debtor's spouse, as tenants in common, free and clear of liens and interest pursuant to 11 U.S.C. § 363(h).

Upon consideration of the evidence and arguments of counsel presented at trial on November 22, 1991, the Court makes the following findings of facts and conclusions of law.

## STATEMENT OF FACTS

Paul Benyola, Jr. and Suzanne Elizabeth Benyola are co-owners of a single family residence located in the Pocono Mountains of Pennsylvania ("the Property"). Mr. and Mrs. Benyola hold title to the Property as tenants in common each owning a one-half undivided interest in the Property. The Property was purchased by them in 1979 prior to their marriage and at that time it was the intent of the parties to title the Property as tenants in common. The improvements consist of a single family dwelling on a single building site which is not subject to partition, due to land covenants and thus is not divisible in kind. Additionally, the sale of the debtor's undivided one-half interest in the Property is not practicable nor would that interest equate to one-half of the value of the whole if it were sold separately.

The evidence presented at trial places a fair market value on the Property of approximately $172,000. It appears that the Property is encumbered by a first deed of trust held by Franklin First Federal Savings in the amount of $36,000, and a second deed of trust held by Frank Ralick, Mrs. Benyola's father. Mrs. Benyola places a value of approximately $22,000 on the balance due on the obligation secured by the second deed of trust whereas Mr. Benyola places its value at $8,500. Although the issue of the value, extent and priority of the Ralick debt is not presently before the Court, for the sole purpose of determining if equity exists in the Property the Court will accept the amount of $22,000 as owing on the second deed of trust. Therefore, it appears that there is approximately $112,000 of equity in the Property.

Although the parties are presently married, they are currently separated and a divorce proceeding is pending before the Superior Court of New Jersey, Chancery Division, Momouth County. Over the years the parties have sometimes occupied the house and have at other times rented the Property for extended periods, primarily while they were residing in Texas. Mrs. Benyola is currently residing in the Property.

By Order of the New Jersey court, Mr. Benyola is responsible for making the mortgage payments on the Property. It appears at the time of this hearing the mortgage payments are approximately eight months in arrears.

## CONCLUSIONS OF LAW

### I.

■ Mrs. Benyola's motion for voluntary abstention, made during argument before this Court on November 22, 1991, is denied. The Court, after notice and a hearing, may voluntarily abstain from hearing a case at any time if the interests of creditors and the interests of the debtor would best be served by such dismissal. 11 U.S.C. § 305(a)(1). "Under this test, abstention is appropriate only if it will not impair the interest of *any* of the parties involved." (emphasis added). *Farmer v. First Virginia Bank of Fairfax City, VA*, 22 B.R. 488 (D.C.E.D.VA.1982). The Court must therefore consider any detrimental effect a voluntary abstention may have upon Mr. Benyola, Mrs. Benyola, the secured creditors or the unsecured creditors.

■ The Court cannot find, from the evidence before it, that the interests of the creditors of the debtor would not be impaired by an abstention. If an abstention was granted and the New Jersey Court were to award the Property to Mrs. Benyola in satisfaction of delinquent maintenance and support payments, the estate would receive none of the debtor's share of the equity in the Property. While such a distribution would obviously be to Mrs. Benyola's benefit, such an award would impair the interests of the other unsecured creditors thereby subverting the intent of the Bankruptcy Code to create equality of distribution. Were this Court to decline to act, the New Jersey Court could also order a continuation of the *status quo* whereby Mr. Benyola would continue to be responsible for paying the mortgage payments and Mrs. Benyola would retain possession of the Property. Again, the unsecured creditors would receive no distribution of the debtor's equity in the Property and, additionally, the creditors with a security interest in the Property may be hindered in collecting the arrearages presently owed them. Equally as speculative as the type of distribution to be made by the New Jersey Court is the time frame within which that Court might render a decision. A delayed ruling would unnecessarily postpone distribution, if any, to the creditors of the bankruptcy estate.

Normally, a debtor's liquidated interest in property is distributed through the bankruptcy estate, by the Trustee, to creditors filing timely proofs of claim. If Mrs. Benyola has timely filed a proof of claim, she would share in the liquidated estate. Additionally, any claim Mrs. Benyola might have against Mr. Benyola for support may be nondischargeable thereby surviving bankruptcy and allowing her to have an additional and separate opportunity to collect from Mr. Benyola at some future date. In contrast, this proceeding is the sole opportunity which other general creditors have for receiving any payment from Mr. Benyola, as all unsecured dischargeable debts will be discharged in bankruptcy.

For these reasons, the Court finds that it would not be in the best interests of the creditors or the debtor for this Court to abstain from hearing the matter now before it.

### II.

The sale of property owned by the estate as a tenant in common with a third party is governed by 11 U.S.C. § 363(h) which allows the Property to be sold only if (1) partition in kind is impractical; (2) the estate would realize significantly less by selling its undivided interest rather than selling the Property as a whole; (3) the benefit to the estate outweighs the detriment to of the co-owner; and (4) the Property is not involved in the production, transmission or distribution of electricity or gas for heat, light or power.

■ The Court finds that the nature of the Property as a single family dwelling prohibits the partition in kind of the Property therefore, rending such a partition impracticable and the Court additionally finds

that the estate's undivided interest in the Property is not marketable and consequently the sale of the estate's undivided interest would realize significantly less for the estate than the sale of the Property as a whole. The Court further finds that the Property is not involved in the manufacture or transmission of energy.

Although Mrs. Benyola will be dispossessed by a sale of the property, that sale would clearly benefit the estate by providing funds from which general creditors could be paid. Upon sale of the Property, pursuant to an order of this Court, Mrs. Benyola would receive an amount equivalent to her interest in the Property less her share of the sale expenses and fees. The balance of the net proceeds would be available to pay creditors of the estate, which would include Mrs. Benyola if she is a timely claimant. The creditors whose debts are dischargeable will have no further recourse against the debtor or his after acquired property. Because Mrs. Benyola will have her proceeds forthcoming from the sale of this asset, which she can apply to the acquisition of another residence, the benefits to the estate outweigh the detriment to the co-owner.

Additionally, the Court finds that the benefit to the estate of using Mr. Benyola's proceeds of the sale to pay general creditors outweighs the detriment, if any, to the co-owner because Mrs. Benyola would receive payment for her interest in the Property and any claim for support or maintenance resulting from the divorce proceeding would be preserved in full since any claim Mrs. Benyola might have for alimony, maintenance or support would be nondischargeable to the extent it meets the test of 11 U.S.C. § 523(a)(5).

The Court therefore finds that the Trustee should be granted authority to sell the Property free and clear of all liens and encumbrances, such liens and encumbrances to attach to the proceeds of sale, after which the bankruptcy estate and Mrs. Benyola should each receive a one-half interest in the proceeds of the sale less the expenses, commissions and fees incurred in such sale.

The Court further finds that the ordered sale of the Property will render moot Mrs. Benyola's counterclaim for relief from the automatic stay and said counterclaim should be DISMISSED.

The plaintiff is directed to prepare and submit an order in conformity with this opinion pursuant to Local Rule 112.