**In re James POLLIARD, Sr., Debtor.**

**Pamela POLLIARD, Movant,**

v.

**James POLLIARD, Respondent.**

**Bankruptcy No. 92–23263WB.**

United States Bankruptcy Court,
W.D. Pennsylvania.

March 23, 1993.

Carlota M. Bohm, Pittsburgh, PA, trustee and pro se.

Carmen A. Martucci, Pittsburgh, PA, for movant.

## OPINION

WARREN W. BENTZ, Bankruptcy Judge.

### Introduction

Presently before the Court are two motions filed by Pamela Polliard ("Mrs. Polliard"), the estranged wife of James Polliard ("Debtor"). Mrs. Polliard seeks to enjoin Carlota M. Bohm, Esq. ("Trustee"), the trustee in this Chapter 7 bankruptcy case from selling real property located at 456 Crestview Drive (the "Property") which is owned by Mrs. Polliard and the Debtor and is currently occupied by Mrs. Polliard. Mrs. Polliard further seeks relief from the automatic stay or, in the alternative, requests that we abstain so that she may continue with the divorce proceeding which she initiated in the Court of Common Pleas of Allegheny County on November 18, 1988. The Trustee opposes the Motions.

## FACTUAL BACKGROUND

The Debtor filed his voluntary Petition under Chapter 7 of the Bankruptcy Code on July 21, 1992. At the time of the bankruptcy filing, Mrs. Polliard's counsel advises that she had not obtained a divorce decree and that all issues in the divorce proceeding, including equitable distribution, remain unresolved.

At issue are the interests of Mrs. Polliard and the Trustee in the Property. The parties agree that the value of the Property is approximately $62,900 and that the Property is subject to a mortgage in the approximate amount of $6,000, leaving equity of $56,900.

Mrs. Polliard asserts that she obtained a vested interest in the entire Property upon the filing of the divorce action in 1988. She further asserts that she will be entitled to 100% of the Property under equitable distribution principles.

The Trustee asserts that there has been no disposition of the Property in the divorce proceeding; that the Debtor's interest in the Property is an asset of the bankruptcy estate; that the Debtor's interest in the Property should be sold for the benefit of the Debtor's creditors; and that this Court has absolute jurisdiction and should not abstain.

## ISSUES

1. Whether Mrs. Polliard obtained a vested interest in the entire Property upon commencement of the divorce proceeding.

2. Whether Mrs. Polliard is entitled to relief from stay to have the amount of her equitable distribution claim fixed in the Court of Common Pleas.

3. Whether the Trustee may sell the jointly held Property for the benefit of the estate.

## DISCUSSION

### I. Vested Interest

The Debtor's bankruptcy schedules list some $94,000 in unsecured debt. The Debtor's interest in the Property is the only asset available for repayment to his creditors.

When the divorce proceeding was filed, the right to seek equitable distribution vested with Mrs. Polliard. She became "entitled to acquire" an interest in the Debtor's share of the Property. *See, Perlow v. Perlow*, 128 B.R. 412, 415 (E.D.N.C. 1991); *In re McCulley*, 150 B.R. 358, 1993 (Bankr.M.D.Pa.1993); *In re Wilson*, 85 B.R. 722 (Bankr.E.D.Pa.1988). Mrs. Polliard did not, however, obtain a vested ownership interest in the entire Property upon commencement of the divorce proceeding. Rather, the Debtor continued to own his share of the Property, subject to Mrs. Polliard's claim of the right of equitable distribution. At the time the Debtor filed the within bankruptcy case, the Court of Common Pleas had made no determination which changed the Debtor's pre-divorce interest in the Property.

By virtue of the bankruptcy filing, the Debtor's interest in the Property be-

**54**

came an asset of his bankruptcy estate. 11 U.S.C. § 541. That interest passes to the Trustee to be administered for the benefit of the Debtor's creditors.

The Sixth Circuit has adopted the position that the state domestic relations court must first determine the ownership rights of the debtor and his estranged spouse in an equitable distribution proceeding and then the bankruptcy court exercises exclusive jurisdiction over the property which is awarded to the debtor. *In re White*, 851 F.2d 170 (6th Cir.1988); *In re Hohenberg*, 143 B.R. 480, 485 (Bankr.W.D.Tenn.1992). Under this scenario, the nondebtor spouse takes the marital property awarded to him or her free of the claims of the debtor-spouse's creditors—a result which we find untenable. The evil in this resolution is that the division of assets between spouses may take place in the absence of any consideration by any court of the impact upon creditors. In fact, spouses might intentionally give all of the property to the solvent spouse, leaving the insolvent spouse with nothing for his creditors.

■ We believe the better view, expressed by numerous other courts, is that the non-debtor spouse's interests in the Debtor's share of the marital property, which are the subject of equitable distribution proceedings in a divorce action commenced prior to the bankruptcy filing, are cut off by the bankruptcy filing where the domestic relations court has not, at the time of the bankruptcy, fixed the equitable distribution rights by judgment. *See, Perlow v. Perlow*, 128 B.R. 412 (E.D.N.C.1991); *In re Greenwald*, 134 B.R. 729, 731 (Bankr. S.D.N.Y.1991); *In re Hilsen*, 100 B.R. 708, 711 (Bankr.S.D.N.Y.1989), *rev'd on other grounds*, 119 B.R. 435 (S.D.N.Y.1990).

The right of the estranged spouse to equitable distribution is not barred. He or she has a general unsecured claim in the bankruptcy for an amount representing any equitable distribution award of an interest in the debtor's property. *See, Perlow*, 128 B.R. at 415; *In re Briglevich*, 147 B.R. 1015 (Bankr.N.D.Ga.1992); *In re Greenwald*, 134 B.R. at 731.

The Pennsylvania Superior Court has enunciated a bright line rule that the filing of a divorce wherein equitable distribution is requested automatically places all marital property in custodia legis, thus insulating it from claims of creditors. *Weaver v. Weaver*, 413 Pa.Super. 382, 605 A.2d 410 (1992); *Fidelity Bank v. Carroll*, 416 Pa.Super. 9, 610 A.2d 481 (1992).

In *Fidelity Bank v. Carroll*, however, the Court notes that the creditor had the right to force the husband into bankruptcy, wherein "the divorce proceeding would have been stayed pending resolution of the claims of Mr. Carroll's various creditors." Thus, the bright line becomes blurred. We would have thought that bankruptcy law, enforcing state law where applicable, would give a trustee no more rights than a judgment or execution creditor—yet apparently the Superior Court's analysis would deny a lien to a judgment creditor but would yield to the powers of a bankruptcy trustee. This is not altogether logical. We divine it to mean that the "custodia legis" proposition is somewhat weakened.

We also observe a weakening in the theory that the filing of a divorce requesting equitable distribution "vests" title in marital assets in the claiming spouse by *Ibarra v. Prudential Property & Casualty Ins. Co.*, 402 Pa.Super. 27, 585 A.2d 1119 (1990). There, the wife was held not to be the "owner" of the husband's automobile, even though it was marital property, during the pendency of the divorce, for purposes of the Motor Vehicle Finance Responsibility Law.

Also, the "ownership rights" or "vested rights" in marital property by virtue of the Divorce Code becomes inapplicable when one of the spouses dies. *Myers v. Myers*, 397 Pa.Super. 450, 580 A.2d 384 (1990).

■ Thus, it would appear that Pennsylvania law does not, when one of the spouses becomes a bankrupt, insulate the marital property from claims of creditors whose interests are represented by the bankruptcy trustee.

■ Mrs. Polliard's claim for equitable distribution, once quantified, will become

an entitlement against the Debtor's bankruptcy estate, subject to the distribution and priorities of the Bankruptcy Code. Since the Bankruptcy Code gives her no right of distribution superior to that of any other unsecured creditor, she will be entitled to a prorata distribution along with other unsecured creditors. *In re Palmer*, 78 B.R. 402 (Bankr.E.D.N.Y.1987).

## II. Relief from Stay

 Transfers of property interests under equitable distribution are subject to existing liens. 23 Pa.C.S.A. 3501(a)(7). Under Bankruptcy Code § 544, the Trustee has the rights of a judgment creditor who levies on the Debtor's property as of the date the bankruptcy Petition is filed. *In re Becker*, 136 B.R. 113 (Bankr.D.N.J.1992); *Perlow*, 128 B.R. at 415. Therefore, the equitable distribution process cannot alter the bankruptcy estate's right in property in which the debtor had an interest on the Petition date.

Although § 544 prevents the Court of Common Pleas from awarding the Debtor's share of the Property in kind to Mrs. Polliard, Mrs. Polliard may be entitled to a general unsecured claim against the Debtor's bankruptcy estate. The value of her claim has not yet been determined. Many courts have found that the determination of the amount of the non-debtor spouse's equitable distribution claim involves an interpretation of state domestic relations law and have accordingly granted relief from stay to have the amount of the claim fixed in state court while retaining jurisdiction over the subsequent distribution from the bankruptcy estate to be made on such claim. *See, In re French*, 139 B.R. 485 (Bankr.D.S.D.1992); *In re Palmer*, 78 B.R. 402 (Bankr.E.D.N.Y.1987); *In re Fisher*, 67 B.R. 666 (Bankr.D.Colo.1986).

As some measure of protection for other creditors of the bankruptcy estate, courts have suggested or instructed the creditors, the Trustee, or a representative to participate in the state court proceedings. *In re Hohenberg*, 143 B.R. 480, 489–90 (Bankr. W.D.Tenn.1992).

Courts have also prohibited consensual agreements between the Debtor and the ex-spouse to prevent collusion to the detriment of the other creditors. *Hohenberg*, 143 B.R. at 488. In most every case, the Bankruptcy Court has retained jurisdiction over enforcement of the state court judgment and the distribution from the bankruptcy estate on account of such claim. *In re Wilson*, 85 B.R. 722 (Bankr.E.D.Pa. 1988); *In re Palmer*, 78 B.R. 402 (Bankr. E.D.N.Y.1987); *In re Fisher*, 67 B.R. 666 (Bankr.D.Colo.1986).

Such measures, however, provide only minimal protection to other creditors. There is a question as to whether the creditors have standing to participate in the state court proceeding. *See, In re Wilson*, 85 B.R. 722, 729 (Bankr.E.D.Pa.1988). Further, even though the Bankruptcy Court retains jurisdiction over the distribution, it is questionable whether it can review or reject the allocation of the marital estate once the automatic stay has been lifted and the state court has fixed the ex-spouse's rights. *See In re White*, 851 F.2d 170 (6th Cir.1988); *In re Becker*, 136 B.R. 113, 120 (Bankr.D.N.J.1992).

These concerns about protection for the interests of other creditors have recently caused an expression of reservation as to whether it is ever appropriate to abstain or grant relief from stay to permit the amount of the ex-spouse's claim to be fixed in state court. *In re Youmans*, 117 B.R. 113, 121, n. 8 (Bankr.D.N.J.1990).

 Although we share those concerns, we believe it appropriate in this case to grant Mrs. Polliard relief from the automatic stay to pursue a determination of the amount of her claim in the Court of Common Pleas. The divorce action has been pending in the Court of Common Pleas for over four years. The Common Pleas Court's familiarity with equitable distribution principles far exceeds that of this Court. We believe the Debtor's creditors are properly protected by the requirement that Mrs. Polliard seek enforcement of any judgment through the claims process in the bankruptcy case. *See In re Robbins*, 964 F.2d 342 (4th Cir.1992).

We suggest that the Trustee enter an appearance in the divorce proceeding to ensure that the Court of Common Pleas is apprised of the concerns of other creditors. We will retain jurisdiction over the distribution to be made on account of such claim (which Mrs. Polliard shall file as a proof of claim in this case at the conclusion of the divorce proceeding). The right of the Trustee to object to such claim shall be preserved. Any review of the claim by this Court shall be subject to appropriate deference to the findings of the Common Pleas Court.

## SALE OF THE PROPERTY

■ 11 U.S.C. § 363(h) allows the Trustee to sell both the estate's interest and the interest of any co-owners in property if certain conditions are met, to-wit:

(1) partition in kind of such property among the estate and co-owners is impracticable;

(2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;

(3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners, and

(4) [inapplicable]

11 U.S.C. § 363(h).

The Property in question is a single family residence. Thus, there can be no doubt that conditions (1) and (2) are met. However, condition (3) requires us to balance the detriment to Mrs. Polliard and the family residing in the residence with the benefit to the estate arising from a sale of the Property.

We acknowledge that removing Mrs. Polliard from the family residence is a substantial hardship. However, there is substantial equity in the Property and from her share of that equity and from any distribution Mrs. Polliard is entitled to receive as an unsecured creditor of the Debtor's estate, Mrs. Polliard will readily be able to find substitute housing. Mrs. Polliard also has a right of first refusal. 11 U.S.C. § 363(i). She would also be entitled to one-half of the proceeds of sale, after payment of the existing mortgage and payment to joint creditors of the Debtor and Mrs. Polliard, less costs and expenses and without reduction for compensation of the trustee. 11 U.S.C. § 363(j).

In contrast, sale of this Property is the only way any funds will become available for distribution to the Debtor's creditors or to the joint creditors of the Debtor and Mrs. Polliard. Following the initial hearing on the matter, the Debtor was ordered to file an Affidavit which sets forth a listing of creditors holding claims against both the Debtor and his non-debtor spouse. Joint creditors hold claims in the amount of $7,933. An additional creditor asserts a joint claim in the amount of $3,081.29; however, the Debtor believes the additional claim is owed by him alone and is not a joint obligation. To the extent there are joint creditors, they will be entitled to payment from the proceeds generated from the sale of the Property. *See Sumy v. Schlossberg*, 777 F.2d 921 (4th Cir.1985); *In re Turner*, 81 B.R. 387 (Bankr.W.D.Pa. 1988); and *In re Cotterman*, 67 B.R. 788 (Bankr.W.D.Pa.1986).

Accordingly, we believe it appropriate for the Trustee to proceed with sale of the Property. Mrs. Polliard's request for an injunction prohibiting such sale will be denied.

## ORDER

This 23 day of March, 1993, in accordance with the accompanying OPINION, it shall be, and hereby is, ORDERED as follows:

1. The Motion of Pamela Polliard to enjoin the sale of marital real estate is REFUSED.

2. Pamela Polliard is granted relief from the automatic stay to proceed in the Court of Common Pleas to have fixed the amount, if any, of her equitable distribution claim against the Debtor.

3. The time in which Pamela Polliard may file a proof of claim in the within case is extended until 30 days following conclu-

sion of the equitable distribution proceeding.