**In re Clyde O. ACKERMAN, Debtor.**

**Bankruptcy No. 94–71483–W.**

United States Bankruptcy Court, South Carolina.

Feb. 22, 1996.

---

Morris D. Rosen, Charleston, SC, for Joy M. Ackerman.

Richard R. Gleissner, Columbia, SC, for Ralph C. McCullough, II, Ch. 7 Trustee.

### *ORDER ON MOTION FOR RELIEF FROM AUTOMATIC STAY*

JOHN E. WAITES, Bankruptcy Judge.

This matter came before the Court on the motion of Joy M. Ackerman ("Mrs. Ackerman") for relief from the automatic stay. Mrs. Ackerman sought relief from the stay in order to prosecute an action seeking equitable apportionment of the marital property in the Family Court of the State of South Carolina, Colleton County ("Family Court"). Ralph C. McCullough, II, as Trustee for the bankruptcy estate of Clyde O. Ackerman (the "Trustee"), objected to the relief requested. This Court has heard the arguments of counsel and in balancing the potential prejudice to the bankruptcy estate against the hardships that will be incurred by Mrs. Ackerman, this Court sustains the objection of the Trustee and denies Mrs. Ackerman's motion for relief from the automatic stay. In denying this Motion, the Court makes the following Findings of Facts and Conclusions of Law.

### FINDINGS OF FACT

1. This matter arises from the adversary proceeding brought by the Trustee against Mrs. Ackerman and the Debtor, Clyde O. Ackerman ("Mr. Ackerman"), adversary proceeding number 95–8322 (the "bankruptcy litigation"). In his Complaint, the Trustee has alleged two causes of action: (1) fraudulent conveyances pursuant to 11 U.S.C. § 544(b) and (2) equitable apportionment of marital property. The parties agree that the Family Court would not have jurisdiction over the cause of action pursuant to 11 U.S.C. § 544(b).

2. After the filing of this bankruptcy case, Mrs. Ackerman brought a complaint in the Family Court for divorce and for equitable apportionment of marital property. Mrs. Ackerman asserts that she did not know of the pendency of the bankruptcy proceeding when she sought the relief for equitable apportionment. Upon learning of the bankruptcy, all proceedings in the Family Court litigation were stayed. Discovery has not begun in the Family Court litigation.

3. In the bankruptcy litigation, the issues have been joined and Mr. Ackerman has agreed that the Trustee is entitled to Mr. Ackerman's portion of the equitable apportionment of marital property. Thus, the Trustee is the real party in interest in the proceeding for equitable apportionment.

### CONCLUSIONS OF LAW

The standard for determining whether to grant relief from the automatic stay in order to allow a state court action for equitable apportionment to proceed is set forth in *In re Robbins,* 964 F.2d 342 (4th Cir.1992). In *Robbins,* the Fourth Circuit states, in part:

The court must balance potential prejudice to the bankruptcy debtor's estate against the hardships that will be incurred by the person seeking relief from the automatic stay if relief is denied. (citation omitted) The factors that courts consider in deciding whether to lift the automatic stay include (1) whether the issues in the pending litigation involve only state law, so the

expertise of the bankruptcy court is unnecessary; (2) whether modifying the stay will promote judicial economy and whether there would be greater interference with the bankruptcy case if the stay were not lifted because matters would have to be litigated in bankruptcy court; and (3) whether the estate can be protected properly by a requirement that creditors seek enforcement of any judgment through the bankruptcy court.

964 F.2d at 345.

In applying the *Robbins* factors to the case at hand, it appears that all factors indicate that the motion for relief from the automatic stay should be denied at this time without prejudice.

While the Family Courts of this State have great expertise in equitable apportionment issues, this case also involves issues of fraudulent conveyances pursuant to 11 U.S.C. § 544 which must be heard in this Court. Additionally, counsel for Mrs. Ackerman stated that an equitable apportionment action in the Family Court would probably not be heard within the year; however, if the litigation remains in this Court, the matter could be heard within a few months. Thus, judicial economy weighs in favor of this Court retaining jurisdiction.

In addition, the facts of this case appear similar to the facts of *In re Roberge,* 181 B.R. 854 (Bankr.E.D.Va.1995). In this case, like *Roberge* and unlike *Robbins,* the bankruptcy petition was filed prior to the equitable apportionment lawsuit. No discovery had taken place in either the family court litigation or the bankruptcy litigation. In this case, the bankruptcy litigation to determine the Debtor's share of property is likely the sole asset of the estate. Therefore, the entire distribution to creditors must await a determination of the equitable apportionment issues. Any delay seems unnecessary since this Court can expediently decide such issues at the same time it determines the fraudulent conveyance action.

And finally, as to the issue of whether the estate can be protected properly, Judge Shelley in the *Roberge* decision expressed concerns regarding that protection of the interests of the creditors in such state court litigation.

First, the creditors [and the Trustee here] are not parties to the divorce case and there is presumably no reason for the state court to consider the creditor's interests. Furthermore, there is a question as to whether the creditors have standing to participate in the state court proceeding. Second, when a bankruptcy court retains jurisdiction over the distribution, the question remains whether that court can review or reject the allocation of the marital estate once the automatic stay has been lifted and the state court has fixed the ex-spouse's rights. Finally, if relief is granted, there is the concern that the parties may enter into a consent judgment providing for a distribution of property interests that is collusive or fraudulent as to the interests that of the debtor's creditors.

181 B.R. at 858 (citations and footnotes omitted). While there is no indication of collusive or fraudulent settlement in this case, where the husband in a family court matter expects no personal recovery, his incentive for a zealous prosecution of the litigation may not be as great as the Trustee's incentive in the bankruptcy litigation. For these reasons, it would appear to be in the best interest of the estate to deny the motion for relief from the automatic stay at this time. It is therefore

**ORDERED,** that the motion for relief from the automatic stay filed by Joy M. Ackerman is denied at this time.

**AND IT IS SO ORDERED.**