OPINION
Appellant, Michael Lalli, appeals from the Ashtabula County Court of Common Pleas judgment entered on September 18, 1998, granting a final decree of divorce. The appellant assigns three errors, the first challenging the spousal support award, the second challenging the court's authority to enter a final decree of divorce during the pendency of a petition for bankruptcy, and the third challenging the child support determination.
Appellant and appellee, Rhonda Lalli, were married on April 7, 1979. They have one son who was born on January 31, 1982. Appellant moved out of the marital home on January 18, 1996, and filed for divorce on February 16, 1996. Temporary custody of their son was awarded to appellant on April 23, 1996. The court also ordered appellant to pay temporary spousal support to appellee by maintaining the first and second mortgage payments on the marital home, approximately $525 and $320, respectively. Appellant did not make any mortgage payments after January of 1996.
On June 26, 1996, appellee filed a Motion in Contempt, which included an allegation that appellant had failed to make the mortgage payments. Appellant filed his own Motion in Contempt, making various allegations. A hearing was set to hear both motions on September 11, 1996, but, upon joint motion of the parties, the matter was continued. Ultimately, the case went to trial on all of the outstanding issues, and the court reserved its judgment on the contempt motions. The final hearing began on January 14, 1997, continued on October 23, 1997, and was finished on February 13, 1998. The motions in contempt were not ruled on until the final judgment decree was entered on September 18, 1998. In the meantime, as the result of appellant not making any mortgage payments after January of 1996, the house was foreclosed upon in November of 1996, appellee was evicted, and the house was sold at a sheriff's auction.
On October 23, 1997, the second day of hearings, the parties filed joint stipulations which addressed two issues relevant to this appeal. First, with respect to resolving their debts, the parties indicated to the court their intention to jointly file for bankruptcy. Second, with respect to child support, the parties stipulated that "[d]ue to the disparity in the parties' incomes, the defendant [Rhonda] shall not pay child support to the plaintiff. Plaintiff waives any and all child support arrearages, if any."
The parties did not file for bankruptcy before the end of the final hearing on February 13, 1998. At the request of counsel, the trial court held the final decree of divorce in abeyance to facilitate the filing of a joint petition in bankruptcy. In order to file jointly, it was necessary that they still be married at the time the petition was filed. Counsel indicated to the court that the divorce decree could issue at anytime after the joint filing without affecting the parties' status as joint petitioners.
On August 5, 1998, appellant filed a motion indicating that the petition for bankruptcy had been filed and that the parties were awaiting notice of their discharge. The motion requested the court proceed "at the earliest convenience" to issue a final decree of divorce. The trial court subsequently entered judgment on September 18, 1998.
The judgment included an award of spousal support to appellee. Paragraph 16 of the final decree of divorce ordered appellant to make spousal support payments of $350 per month for a period of sixty months. Paragraph 7 of the final decree of divorce ordered appellant to make spousal support payments of $150 for a period of thirty-six months. In total, appellant was ordered to pay $500 per month spousal support for three years, then $350 per month for the next two years.
The trial court made findings of fact relevant to the award of spousal support. It found that the parties were married for almost seventeen years. It found that appellant's 1995 income was $36,857.11, whereas appellee's was $15,336.88. It found that appellant had two pension funds. It made findings with respect to the assets and liabilities of the parties, and that the parties had over $30,000 in marital debts. The trial court also found that appellee would require additional education, job training, or experience before she would be able to acquire suitable employment and, that this would involve "time and expense" to appellee. These findings formed the basis for the trial court's award of spousal support.
The trial court found appellant in contempt of the court's order of April 23, 1996, that required him to make the mortgage payments on the marital residence. The court noted this led to the eviction of appellee from the premises, to foreclosure, and to the loss of all equity in the property. The court indicated appellant could purge himself of the contempt by making the spousal support payments set forth in Paragraph 16 of the final decree of divorce ($350 per month for a period of sixty months).
With respect to the pending bankruptcy, the court ordered that in the event any marital debts were not discharged, that each party would be liable for one-half of the debt, regardless of who or how the debt was incurred.
From the judgment of the trial court, appellant timely filed notice of appeal, assigning the following errors:
 [1]. "The trial court erred to the prejudice of the appellant by finding the appellant in contempt of the court's temporary order and ordering that the appellant may purge himself of contempt by paying to the appellee additional spousal support in the sum of $21,000.00 in periodic monthly payments payable through the Child Support Enforcement Division."
 [2]. "The trial court erred to the prejudice of appellant by proceeding to file a final divorce judgment entry while there was evidence before the court that both of the parties to the divorce action had filed a petition seeking bankruptcy in the U.S. Federal District Court and that action may have been pending at the time of the divorce entry and that the court action may have been subject to an automatic stay issued by the Federal Bankruptcy Court pursuant to law."
 [3]. "The trial court erred to the prejudice of appellant by deviating from the Child Support Computation Schedule and Worksheet without first making findings of fact supporting a deviation pursuant to the provisions of Ohio law."
 On April 23, 1996, the court ordered appellant to pay temporary spousal support by maintaining the mortgage payments on the marital home. The propriety of this temporary support order has not been challenged. The evidence is clear that appellant never made any mortgage payments. A person guilty of disobedience of, or resistance to, a lawful order or command of a court may be punished for contempt of court. R.C. 2705.02. The contempt power is inherent in a court because it is necessary to the exercise of the judicial function. Denovchek v. Bd. of Trumbull Cty. Commrs. (1988), 36 Ohio St.3d 14, 15.
The trial court's finding with respect to appellant is properly characterized as a finding of indirect civil contempt. Indirect contempt of court is an act "committed outside the presence of the court but which also tends to obstruct the due and orderly administration of justice."In re Lands (1946), 146 Ohio St. 589, 595. Civil contempt is a violation which on the surface is an offense against the party for whose benefit the order was made. State v. Kilbane (1980), 61 Ohio St.2d 201, 205. Contempt may be punished by a fine, imprisonment, or both. Cleveland v.Ramsey (1988), 56 Ohio App.3d 108, 110. If the contempt is civil, as opposed to criminal, the sanction is primarily coercive in nature, and the contemnor must have the opportunity to purge the contempt. In re Purola
(1991), 73 Ohio App.3d 306, 312.
 In the present case, the court has provided appellant an opportunity to purge himself of contempt. However, it did not impose sanctions to take effect in the event appellant declines to purge himself. Generally, contempt consists of two elements, the finding of contempt and the imposition of a penalty or sanctions. Until both elements of contempt have been met, the finding of contempt does not constitute a final appealable order. Chain Bike v. Spoke `N Wheel, Inc.
(1979), 64 Ohio App.2d 62. However, an appeal raising issues other than the finding of contempt may proceed according to rule as to those assignments of error not involving the trial court's finding of contempt. See, generally, Hobt v. Hobt (July 21, 2000), Geauga App. No. 99-G-2223, unreported; Ward v. Ward (Dec. 17, 1999), Lake App. No. 98-L-181, unreported.
 The trial court's order states appellant may purge the contempt by paying an additional $350 per month in spousal support. The trial court designated the payment as spousal support. While the trial court characterizes the spousal support payment as a means of purging the contempt, in reality, the court has simply imposed spousal support payments in addition to the amount previously set forth in paragraph seven of the divorce decree ($150 per month). The total amount of spousal support imposed, $500 per month, is supported by the record.
Appellant argues that the court is attempting to utilize the finding in contempt to impose support payments which it did not have the authority to impose under R.C. 3105.18. This assertion is incorrect. Within its final decree of divorce judgment entry, the court made the requisite findings before imposing orders of spousal support. The law requires a court to consider the factors enumerated in R.C. 3105.18 (C)(1)(a) through (n). The record indicates the court considered these factors. In the judgment entry, the court recited findings with respect to factors (a), (b), (d), (e), (i), and (k). Therefore, the trial court did have the authority to impose spousal support payments, and did not abuse its discretion by awarding $500 per month in support for the first three years, and $350 per month for an additional two years. Appellant's first assignment of error is without merit.
In his second assignment of error, appellant argues that it was improper for the court to enter a final judgment of divorce decree while the parties' petition for bankruptcy may have been pending in Federal District Court. Appellant's argument is primarily hypothetical. That is, appellant states, it is "entirely possible" the court re-imposed a debt discharged in bankruptcy, or the court "may" have done so. The only specific obligation appellant refers to in his argument is the spousal support payments, which he characterizes as debt from the marital home that was re-imposed by the trial court in the contempt proceeding.
A review of the trial court's judgment entry reveals that the only obligation imposed solely on appellant was the spousal support payments. The judgment entry otherwise indicated that the responsibility for any marital debts not discharged in bankruptcy was to be equally divided between the parties. Thus, the spousal support payments can be the only item at issue.
Appellant claims the trial court's judgment entry may have been in violation of the automatic stay provisions of Section 362, Title 11, U.S. Code. The automatic stay provisions of Section 362, Title 11, U.S. Code do not operate as a stay to many aspects of a divorce case, such as the dissolution of the marriage and the resolution of child custody issues. State ex rel. Miley v. Parrott (1996), 77 Ohio St.3d 64, 66, citing In re Roberge (Bankr. Ct. E.D. Va. 1995), 181 B.R. 854, 857; Section 362 (b)(2), Title 11, U.S. Code. Nor does Section 362 operate as a stay to the establishment of an order for spousal support or an action for the collection of support from property that is not property of the estate. In relevant part, Section 362(b), Title 11, U.S. Code states:
 " The filing of a petition * * * does not operate as a stay — —
(1) * * *
 (2) under subsection (a) of this section — — of the commencement or continuation of an action or proceeding for — —
* * *
 the establishment or modification of an order for alimony, maintenance, or support; or
 of the collection of alimony, maintenance, or support from property that is not property of the estate;"
 This section permits a court to adjudicate spousal support issues during the pendency of a proceeding in bankruptcy. Thus, contrary to Appellant's assertions, the court did not thwart the automatic stay provisions of Section 362, Title 11, U.S. Code by ordering spousal support payments, as the establishment of such orders are clearly excepted by the rule. Furthermore, Section 523, Title 11, U.S. Code states, in pertinent part:
 "(a) A discharge under section 727 * * * of this title does not discharge an individual debtor from any debt — —
"* * *
 "(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record * * *."
 Spousal support obligations are not dischargeable in bankruptcy. In re Howe (Aug. 6, 1999), Portage App. No. 98-P-0004, unreported, at 7-8. Since a trial court is permitted to establish a spousal support award during the pendency of the bankruptcy, and the obligation is not dischargeable in bankruptcy proceedings, we conclude that the court's spousal support awards were not in violation of Federal law. Appellant's second assignment of error is without merit.
In his third assignment of error, appellant contends that the trial court erred when it deviated from the child support computation schedule without making findings of fact pursuant to R.C. 3113.215 (B)(1)(b). Appellant was designated as residential parent and, as such, was entitled to receive child support payments from appellee. However, on October 23, 1997, the parties filed a joint stipulation stating "due to the disparity in the parties' incomes, the defendant shall not pay child support to the plaintiff. Plaintiff waives any and all child support arrearages, if any." In its judgment entry, the trial court approved and adopted this joint stipulation.
Appellant is correct in his assertion that, generally, R.C.3113.215(B)(1)(b) requires that a trial court make findings of fact in accordance with that statute to support any determination of the amount of support which deviates from the amount calculated using the basic child support schedules. However, a joint stipulation of the parties, ifapproved by the trial court, may serve as the basis for a deviation from the amount calculated using the standard procedure. In pertinent part, R.C. 3113.215(B)(3) states:
 "The court, in accordance with divisions (B)(1) and (2)(c) of this section, may deviate from the amount of support that otherwise would result from the use of the schedule and the applicable worksheet * * * in cases in which the application of the schedule and the applicable worksheet * * * would be unjust or inappropriate and would not be in the best interest of the child. In determining whether that amount would be unjust or inappropriate and would not be in the best interest of the child, the court may consider any of the following factors and criteria:
" * * *
 "(g) Disparity in income between parties or households;
" * * *
 "The court may accept an agreement of the parents that assigns a monetary value to any of the factors and criteria listed in division (B)(3) of this section that are applicable to their situation."
 Upon accepting an agreement of the parties, the need for findings of fact is obviated and not required by R.C. 3113.215. Therefore, the trial court's judgment entry was not in error for failing to include the findings of fact that would normally be required to support a deviation in the amount of child support due, as calculated by the child support worksheet. Appellant's third assignment of error is without merit.
The judgment of the trial court is affirmed.
 __________________________________ JUDGE WILLIAM M. O'NEILL
FORD, P.J., CHRISTLEY, J. concur.